**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENWOOD DIVISION**

| | |
|---|---|
| Bobby Dean Leopard, individually and on behalf of similarly situated consenters,<br><br>    Plaintiff,<br><br>vs.<br><br>Log Creek Logging, Inc. and Theo R. Williams, individually,<br><br>    Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Bobby Dean Leopard, by and through his undersigned counsel, complaining of Defendants, makes the following allegations individually and, as to the Fair Labor Standards Act (hereinafter "FLSA") claims, on behalf of himself and all others similarly situated:

## JURISDICTION, VENUE AND PARTIES

1. Plaintiff is a citizen and resident of Saluda County and is a member of a logging crew employed by Defendants.

2. Defendant Log Creek Logging, Inc. ("Defendant Log Creek") is a for-profit corporation organized under the laws of the State of South Carolina with its principal place of business in Edgefield, South Carolina.

3. Defendant Theo R. Williams ("Defendant Williams") is an individual citizen and resident of Edgefield County, South Carolina, who, at all times relevant hereto, exercised control over Defendant Log Creek and personally directed and condoned the deprivation of compensation due to Plaintiff and others similarly situated under the FLSA, as set forth herein.

4.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is brought pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations, 29 CFR Part 541, *et seq.*

5.      The Court has supplemental jurisdiction to hear the state law claims pursuant to 28 U.S.C. § 1367, as they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue lies within this District pursuant to 28 U.S.C. § 1391, as Defendant Log Creek Logging, Inc.'s principal place of business and the individual Defendant's residence lies within this District, which also is where a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

7.      Plaintiff, an employee of Defendant Log Creek, brings this action against Defendants on behalf of himself, individually, and on behalf of other similarly situated members of the logging crews who were not exempt employees of Defendant Log Creek (hereinafter "Consenters").

**FACTS**

8.      At all times relevant hereto, Defendants were and remain employers within the meaning of the FLSA, 29 U.S.C. § 203, and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, and are in the business of an enterprise engaged in interstate commerce, namely timber and logging.

9.      The logging crew members, paid either on an hourly basis or a salary, were and continue to be non-exempt employees.

10. At all times relevant hereto, the Consenters were employees within the meaning of the FLSA, 29 U.S.C. § 203, and the South Carolina Payment of Wages Act.

11. Plaintiff has been employed as a skidder operator on a logging crew for more than three (3) years.

12. During the past three years, Plaintiff and other Consenters of the logging crews were not paid overtime for time worked in excess of forty (40) hours per week.

13. The Plaintiff and the other Consenters were required to work a minimum of forty-eight (48) hours per week, often more, but were only paid for forty (40) hours per week.

14. Defendant Williams controlled Defendant Log Creek and the compensation of its employees and was aware that these practices were prohibited by law.

15. These practices were done at the direction of Defendant Williams.

16. Upon information and belief, Defendants failed and continue to fail to accurately record, report, and/or preserve accurate records of Plaintiff and the other Consenters regarding their wages, hours, and conditions and practices of employment, in contravention of the FLSA.

## FOR A FIRST CAUSE OF ACTION
**(Violation of the FLSA for Failure to Pay Overtime to Non-Exempt Employees)**

17. Plaintiff repeats the allegations above as if set forth verbatim.

18. Plaintiff and the Consenters were not compensated by Defendants for overtime for hours worked in excess of forty (40) hours per week during the past three years.

19. In fact, during that time, Defendants maintained a policy and practice of requiring compensatory time in lieu of overtime, in contravention of the FLSA and its implementing regulations.

20. Upon information and belief, Defendants were and are well-aware of their obligations under the FLSA such that their conduct, as alleged, constitutes a willful violation of

the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew or showed reckless disregard for the fact that the alleged conduct and practices violated the FLSA and its implementing regulations.

21. Plaintiff and similarly-situated Consenters who join this action demand:

(a) Designation of this action as a collective action on behalf of the FLSA class pursuant to 29 U.S.C. § 216(b);

(b) Judgment against Defendants for an amount equal to the unpaid back wages at the applicable overtime rates;

(c) Judgment against Defendants finding that its violations of the FLSA and its implementing regulations were willful;

(d) Liquidated damages in an amount allowed by statute;

(e) All recoverable costs, expenses, and attorneys' fees incurred in pursuing this action;

(f) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(g) Leave to amend to add additional defendants who meet the definition of "employer" of the Consenters under 29 U.S.C. § 203(d);

(h) Injunctive relief to require Defendants to record, report, and preserve records sufficient to enable the Consenters to determine their wages, hours, and conditions and practices of employment, including practices regarding deductions and payment or nonpayment of overtime, as mandated by the FLSA; and

(i) Such other and further relief as the Court might deem just and proper.

**FOR A SECOND CAUSE OF ACTION OR
CAUSE OF ACTION IN THE ALTERNATIVE**
**(Violation of the South Carolina Payment of Wages Act for Failing to
Pay for Time Worked at the Agreed-Upon Rate)**

22. Plaintiff repeats the allegations above as if set forth verbatim.

23. At all times relevant hereto, Defendants were "employers" under the South Carolina Payment of Wages Act.

4

24. Plaintiff and the Consenters were advised that they would be paid a certain rate for hours worked for Defendants.

25. Defendants deducted time from Plaintiff and the Consenters for hours worked and failed to compensate them for the wages to which they were entitled at the agreed-upon rate.

26. Defendants failed to pay overtime wages.

27. Defendants further failed to provide written notice of the hours and wages agreed upon as required by the South Carolina Payment of Wages Act and failed to maintain appropriate records of reflected hours worked and wages to be paid.

28. Defendants also withheld and diverted portions of Plaintiff and the Consenters' wages when not required or permitted to do so by state or federal law and without written notification to the employee of the amount and terms of the deductions as required by S.C. Code Section 41-10-30(A).

29. Plaintiff and similarly-situated Consenters who join this action demand:

    (a) An amount equal to three times the full amount of the unpaid wages owed to them;

    (b) Judgment against Defendants that the failure to pay the agreed-upon rates and/or improper deductions constituted violations of the South Carolina Payment of Wages Act;

    (c) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

    (d) The costs and reasonable attorneys' fees as the court may allow; and

    (e) Such other and further relief as the Court might deem just and proper.

*s/ George A. Taylor*
Richard C. Detwiler (Fed. ID No.510)
George A. Taylor (Fed ID No. 11233)
CALLISON TIGHE & ROBINSON, LLC
P.O. Box 1390
Columbia, SC 29202
Telephone No.: 803-404-6900
Facsimile No.:  803-404-6901
RickDetwiler@CallisonTighe.com
GeorgeTaylor@CallisonTighe.com

Columbia, South Carolina

**JURY TRIAL DEMANDED**